UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Daria Khudiakova,<br><br>    *Plaintiff*,<br><br>v.<br><br>Meghann Boyle,<br>Boston Asylum Office Director, U.S.<br>Citizenship and Immigration Services,<br><br>Joseph Edlow,<br>Director, U.S. Citizenship<br>and Immigration Services,<br><br>    *Defendants*. | Civil Action No. _____ |

**COMPLAINT FOR REVIEW
UNDER THE ADMINISTRATIVE PROCEDURE ACT
AND PETITION FOR WRIT OF MANDAMUS**

Plaintiff Daria Khudiakova ("Plaintiff") is a native and citizen of Ukraine. Plaintiff has applied for asylum with U.S. Citizenship and Immigration Services (USCIS) because she fears persecution on account of a protected ground were she to return to that country, but the agency has not made any progress or scheduled the case for an interview since the case was filed in 2017. Plaintiff Daria Khudiakova cannot feel settled or safe in this country until her application is decided. She cannot easily travel without prior authorization and cannot start working towards the residency requirements for citizenship. Congress has instructed USCIS to decide asylum applications within 180 days of filing, but Plaintiff's application is still pending seven years later. Since Plaintiff filed her asylum application, the USCIS Asylum Offices have become so backlogged and scheduled so few asylum interviews per week that Plaintiff reasonably fears her application may never be adjudicated at all. Plaintiff therefore asks the Court to order Defendants

to adjudicate her application for an interview within a reasonable time and adjudicate the case within a reasonable time thereafter.

## JURISDICTION

1. This Court has jurisdiction to hear this case under 28 U.S.C. § 1361, the Mandamus Act, and 28 U.S.C. § 1331, Federal Question Jurisdiction. This matter arises under 5 U.S.C. §§ 701-706, the Administrative Procedure Act.

## VENUE

2. The U.S. District Court for the District of Massachusetts is a proper venue for this action under 28 U.S.C. § 1391(e)(1)(B) because Defendants are officers of the United States; Defendant Meghann Boyle maintains a principal place of business in Boston, Massachusetts, where Plaintiff's application remains pending; and no real property is involved in this action.

## THE PARTIES

3. Plaintiff Daria Khudiakova is an applicant for asylum in the United States whose application is currently pending with Defendants' agency.

4. Defendant Meghann Boyle is the Director of the Boston Asylum Office within USCIS, where Plaintiff's asylum application is currently pending.

5. Defendant Joseph Edlow is the Director of USCIS. He is responsible for overseeing all USCIS operations, including the adjudication of asylum applications.

6. All government Defendants are sued in their official capacities.

## FACTUAL ALLEGATIONS

7. Plaintiff is a native and citizen of Ukraine.

8. Fearing persecution on account of protected ground if returned to that country, Plaintiff submitted an asylum application to USCIS on December 29, 2017. The receipt number is ZBO1800001580.[1]

9. Plaintiff attended a biometrics appointment on January 29, 2018.[2]

10. Despite submitting the necessary paperwork and attending a biometrics appointment, USCIS has still not scheduled Plaintiff for an asylum interview, and the case remains pending.

11. Due to her prolonged pending status, Plaintiff's employment opportunities have been severely limited. Plaintiff is qualified as a user experience designer, but many roles in her field require the applicant to possess permanent legal status. As a result, Plaintiff is disqualified from higher paying positions. Additionally, Plaintiff has already experienced considerable delays in renewing her Employment Authorization Document in the past. These delays placed her current employment at serious risk, and she came dangerously close to losing her job as a result.

12. Plaintiff's opportunities to pursue higher education have been limited as well. Plaintiff plans to pursue an additional bachelor's degree; however, without permanent legal status, Plaintiff does not qualify for federally subsidized financial aid, in-state tuition, or most scholarships. This financial barrier makes higher education prohibitively expensive for Plaintiff, limiting her long-term personal and professional development.

13. Because of her pending status, Plaintiff has not seen her parents in nine years. This prolonged separation has caused ongoing emotional distress for both Plaintiff and her family. Plaintiff is especially concerned about the health of her parents and would like the opportunity to reunite with them in a third country. However, Plaintiff faces restrictions on international travel,

---

[1] Ex. 1, Form I-589 Receipt Notice.
[2] Ex. 2, Biometric Appointment Notice.

which has prevented Plaintiff from seeing her loved ones and has placed an emotional strain on all parties involved.

14. Plaintiff experiences ongoing psychological stress because of her uncertain immigration status. She lives in constant fear of potential detention by immigration authorities, particularly considering news reports involving individuals in similar legal circumstances being placed in detention centers. This persistent stress has had a negative impact on Plaintiff's physical health as well. Plaintiff suffers from gastritis, a condition that is significantly worsened by stress. The cumulative effect of these mental and physical health issues has lowered Plaintiff's overall well-being and continues to pose serious risks to her health and stability.

15. Plaintiff's asylum application has now fallen into USCIS's affirmative asylum backlog. At the end of Fiscal Year (FY) 2022, this backlog consisted of 572,022 cases nationwide; by the end of the second month of FY2025, the total number of pending asylum applications had already ballooned to 1,410,151 cases nationwide. But as recently as FY2024, USCIS only managed to adjudicate some 126,466 total affirmative asylum cases per year, including both backlogged and newly filed cases; and as of the second month of FY2025, the agency was on track to complete even fewer affirmative asylum cases per year. Meanwhile, FY2024 saw 419,626 affirmative asylum applications filed, with 41,628 additional asylum applications filed by November of FY2025. Further, the data on USCIS' publicly facing website shows that during each month in FY2024, the total number of pending asylum cases increased across the nation. In sum, the agency is making no progress in whittling down its backlog of affirmative asylum applications; to the contrary, the backlog is growing by leaps and bounds.

16. For example, in the Arlington Asylum Office, as of September 2024, over 143,000 asylum applications were pending, many of which have been in a state of limbo for several years.

In fact, the backlog of pending cases is so great that over 300 cases were filed more than ten years ago. To address the backlog, USCIS now prioritizes scheduling applications that have been pending for 21 days or fewer using a last-in, first-out system (LIFO). However, of the over 13,000 new filings received by the Arlington Asylum Office in June, July, and August, less than one percent were scheduled within 21 days, meaning that the backlog at that office alone grew by over 4,200 cases per month. From April 2024 to September 2024, excluding priority cases and interviews prompted by an expedite request or a mandamus lawsuit, that office generally scheduled interviews for about 80 backlog cases per month, on a first-in, first-out system (FIFO). At this rate, it will take Defendants *149 years* to clear the current backlog, without accounting for cases that have not yet been filed. Upon information and belief, the Boston Asylum Office has a similar backlog and a similar rate of clearance.

17. Given that the backlog is hundreds of years long, Plaintiff's position in the line (if any line even exists) is dispositive of whether Plaintiff can expect an asylum interview to *ever* be scheduled at any time during her natural life on this earth. Without judicial intervention, Plaintiff cannot be assured that Defendants will *ever* carry out their nondiscretionary duty of scheduling Plaintiff for an asylum interview.

18. No administrative remedies are mandated by law, and none are available to Plaintiff. Plaintiff is powerless to make USCIS act on the asylum application other than by means of this litigation.

**FIRST CAUSE OF ACTION:**
**ADMINISTRATIVE PROCEDURE ACT**
**(AGENCY ACTION UNLAWFULLY WITHHELD)**

19. Plaintiff incorporates the foregoing paragraphs 1-18 by reference.

20. The Administrative Procedure Act ("APA") imposes a duty on an agency to "conclude a matter presented to it" within "a reasonable time." 5 U.S.C. § 555. A reviewing court

"shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §§ 702, 706.

21. The statute gives Plaintiff an absolute right to apply for asylum. 8 U.S.C. § 1158(a)(1). Defendants' scheduling system as set forth above, which by design ensures that Plaintiff's asylum application will not be interviewed and adjudicated before Plaintiff dies of old age, has constructively denied Plaintiff the right to apply for asylum.

**SECOND CAUSE OF ACTION:
ADMINISTRATIVE PROCEDURE ACT
<u>(AGENCY ACTION UNREASONABLY DELAYED)</u>**

22. Plaintiff incorporates the foregoing paragraphs 1-18 by reference.

23. The Administrative Procedure Act ("APA") imposes a duty on an agency to "conclude a matter presented to it" within "a reasonable time." 5 U.S.C. § 555. A reviewing court "shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §§ 702, 706.

24. USCIS must adjudicate Plaintiff's asylum application within a reasonable time. *See* 5 U.S.C. § 555; *Alvarez v. Raufer*, No. 19-3155, 2020 WL 1233565, at *3 (E.D. Pa. Mar. 11, 2020) ("[T]he language of [8 U.S.C.] § 1158 indicates that adjudication of the asylum application is nondiscretionary and subject to claims of unreasonable delay."). *Cf. Quan v. Chertoff*, No. 06-7881, 2007 U.S. Dist. LEXIS 44081, at *6 (N.D. Cal. June 6, 2007) ("Plaintiff has the clear and certain right – to which Defendants have a corresponding non-discretionary duty – to have her I-485 adjudicated in a reasonable time."); *Yue Yu v. Brown*, 36 F. Supp. 2d 922, 934 (D.N.M. 1999) ("The fact that INS has discretion in the ultimate decision whether to grant LPR status is simply irrelevant to the question of whether it has discretion to refuse to act on Plaintiffs' applications.").

25. The mere act of adjudicating asylum applications is ministerial, and the Court may review the agency's failure to adjudicate such cases within a reasonable time. *See Singh v. Still*,

470 F. Supp. 2d 1064 (N.D. Cal. 2007); *Jianhua Dong v. Chertoff*, 513 F. Supp. 2d 1158, 1165 (N.D. Cal. 2007) ("While the ultimate decision to grant or deny an application for adjustment of status is unquestionably discretionary, there exists a non-discretionary duty to act on and process the application."); *cf. Johnson v. Sessions*, No. RDB-15-3317, 2017 U.S. Dist. LEXIS 50137, at *14 (D. Md. Apr. 3, 2017) ("While plaintiffs are correct that USCIS was required to render a decision on plaintiffs' I-130 Petition, there is no dispute that USCIS has done so and thereby carried out its *ministerial obligations*.") (emphasis in original).

26. Congress has directed USCIS to process asylum applications within 180 days of the initial filing of the application. 8 U.S.C. § 1158(d)(5)(A)(iii). Plaintiff filed the asylum application 2,776 days ago. USCIS has therefore exceeded the Congressionally imposed deadline by 1,442%

27. USCIS's delay of over seven years in deciding the case is unreasonable. *See Yong Tang v. Chertoff*, 493 F. Supp. 2d 148, 150 (D. Mass. 2007) ("The duty to act is no duty at all if the deadline is eternity."); *Yue Yu*, 36 F. Supp. at 934 ("[D]elays of a significant magnitude, particularly when they occur over uncomplicated matters of great importance to the individuals involved, may not be justified merely by assertions of overwork.") (internal quotes omitted).

28. Plaintiff asks the Court to order Defendants to schedule an asylum interview within 30 days and then decide on the application within 30 days thereafter.

**THIRD CAUSE OF ACTION:**
**MANDAMUS**

29. Plaintiff incorporates the foregoing paragraphs 1-18 by reference.

30. The Mandamus Act empowers this Court to compel an officer of the United States to perform a duty he or she is required to do. 28 U.S.C. § 1361. A writ of mandamus is appropriate when "(1) the petitioner has shown a clear right to the relief sought; (2) the respondent has a clear

duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available." *Estate of Michael ex rel. Michael v. Lullo*, 173 F.3d 503, 512-13 (4th Cir. 1999) (citation omitted).

31. Plaintiff has a clear right to relief because Defendants may not ignore Plaintiff's application indefinitely. 8 U.S.C. § 1158(d)(5)(A)(iii); *Alvarez*, 2020 U.S. Dist. Lexis 43486, at *7 (E.D. Pa. Mar. 11, 2020); *Ruan*, 2020 U.S. Dist. Lexis 23559, at *11 (E.D.N.Y. Feb. 11, 2020) ("USCIS does not have the discretion to ignore pending immigration applications indefinitely."); *see also* 8 U.S.C. § 1571(b); *Risch*, 398 F. Supp. 3d at 657. Thus, the first element is satisfied.

32. USCIS has a duty to decide asylum applications because Congress has stated that the agency "shall" decide such applications within 180 days and the mere act of adjudicating the application is ministerial. *See Alvarez*, 2020 U.S. Dist. Lexis 43486, at *7 (E.D. Pa. Mar. 12, 2020); *Razaq v. Poulos*, No. C-06-2461-WDB, 2007 U.S. Dist. Lexis 770, at *9-10 (N.D. Cal. Jan. 8, 2007) (holding that USCIS has a "mandatory duty" to decide benefit petitions because merely adjudicating the petition is ministerial, not discretionary). Thus, the second element is satisfied.

33. There are no alternative remedies available to the Plaintiff, and none are mandated by law.

34. Plaintiff asks the Court to issue a writ of mandamus ordering Defendants to schedule an asylum interview within 30 days and then decide the application within 30 days thereafter.

## REQUESTS FOR RELIEF

35. Plaintiff prays for judgment against Defendants within U.S. Citizenship and Immigration Services and respectfully requests that the Court enters an order:

a. Requiring Defendants to schedule Plaintiff for an asylum interview within 30 days, and then render a decision on the asylum application within 30 days thereafter;

b. Granting Plaintiff costs and reasonable attorney's fees under the Equal Access to Justice Act; and

c. Granting such other relief at law and in equity as justice may require.

Respectfully submitted,                                    Dated: <u>August 8, 2025</u>

<u>/s/Anthony Drago, Jr.</u>
Anthony Drago, Jr., Esq. (BBO #552437)
Anthony Drago, Jr., P.C.
88 Broad Steet, 5th Floor
Boston, MA 02110
Tel: (617) 357-0400
E-mail: Anthony@adragopc.com
*Local counsel for Plaintiff*


<u>/s/ Abigail Russo</u>
Abigail Russo, Esq.*
D. Md. Bar no. 31338
Murray Osorio PLLC
4103 Chain Bridge Road, Suite 300
Fairfax, Virginia 22030
Telephone: 703-352-2399
Facsimile: 703-763-2304
arusso@murrayosorio.com
*Counsel for Plaintiff*
**Application for pro hac vice admission forthcoming*